**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LISA CARTER,

        Plaintiff - Appellant,

  v.

RBC CAPITAL MARKETS
CORPORATION,

        Defendant - Appellee.

No. 10-55950

D.C. No. 2:09-cv-06252-R-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted February 17, 2012
Pasadena, California

Before: FARRIS and W. FLETCHER, Circuit Judges, and KORMAN, Senior
District Judge.[**]

Lisa Carter sued her employer, RBC Capital Markets Corporation, alleging

that RBC's failure to reinstate her, after she took almost a year of leave from work,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

constituted disability discrimination, medical leave retaliation, and wrongful termination in violation of public policies under California law. RBC presented evidence that, while Carter was on leave, other employees absorbed Carter's job responsibilities, and RBC began a cost containment initiative in response to the downturn in the financial markets. When Carter sought to return, RBC no longer had a position for her. The district court granted summary judgment for RBC.

We have jurisdiction under 28 U.S.C. § 1291 and review the district court's decision *de novo*. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). Viewing the evidence in the light most favorable to Carter, we agree with the district court that there is no genuine issue of material fact. *See id.* We affirm the grant of summary judgment for RBC.

## I.      Disability Discrimination Claims

The elements of a *prima facie* case of disability discrimination are (1) the plaintiff is disabled; (2) the plaintiff can, with or without reasonable accommodation, perform the essential functions of her position; and (3) the defendant subjected the plaintiff to an adverse employment action (4) because of the disability. Cal. Gov't Code § 12940(a); *Avila v. Cont'l Airlines, Inc.*, 82 Cal. Rptr. 3d 440, 448, 165 Cal. App. 4th 1237, 1246 (Cal. Ct. App. 2008). Where, as here, there is no direct evidence of discriminatory intent, California courts analyze

disability discrimination claims under a three-stage burden-shifting framework. *Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1113, 100 Cal. Rptr. 2d 352, 378, 24 Cal. 4th 317, 354 (Cal. 2000). Under this framework, "[t]o prevail on summary judgment, [the employer is] required to show either that (1) [the] plaintiff could not establish one of the elements of [the] claim, or (2) there was a legitimate, nondiscriminatory reason for its decision to terminate plaintiff's employment." *Avila*, 82 Cal. Rptr. 3d at 449, 165 Cal. App. 4th at 1247. If the employer satisfies (2), the burden shifts to the employee "to *rebut* this facially dispositive showing by pointing to evidence which nonetheless raises a rational inference that intentional discrimination occurred." *Guz*, 8 P.3d at 1115, 100 Cal. Rptr. 2d at 381, 24 Cal. 4th at 357. The plaintiff "must produce substantial responsive evidence that the employer's showing was untrue or pretextual." *Martin v. Lockheed Missiles & Space Co.*, 35 Cal. Rptr. 2d 181, 29 Cal. App. 4th 1718, 1735 (Cal. Ct. App. 1994) (quotation marks omitted).

A.    <u>Failure To Reinstate/Termination</u>

The first adverse action Carter claims to have suffered is non-reinstatement following her disability leave. Summary judgment for RBC on this claim was proper. Carter failed to rebut RBC's showing of a legitimate, nondiscriminatory reason for non-reinstatement. Preexisting employees absorbed Carter's duties

3

while she was gone, and when she sought to return, RBC was in the midst of a cost containment initiative, and there were no vacant positions for which she was qualified. *See, e.g.*, *Guz*, 8 P.3d at 1116-17, 100 Cal. Rptr. 2d at 382-83, 24 Cal. 4th at 359-60. Carter submitted no evidence showing that RBC's reason for terminating her was pretextual.

Carter also claims that "RBC had a practice of telling disabled employees their jobs would be protected for 12 months," contrary to its actual practice of protecting an employee's job for only twelve weeks. She provided no evidence for this assertion.

Carter also claims that "RBC has the burden of establishing that an employee's position would have been eliminated even if the employee had not gone out on disability or medical leave" (citing Cal. Code Regs. tit. 2, § 7297.2(c)(1); *Neisendorf v. Levi Strauss & Co.*, 49 Cal. Rptr. 3d 216, 221, 143 Cal. App. 4th 509, 517 (Cal. Ct. App. 2006)). However, section 7297.2(c)(1) is an affirmative defense to liability for failing to reinstate an employee *within or upon expiration of* her guaranteed twelve weeks of leave under the California Family Rights Act. Cal. Gov't Code § 12945.2(a). It does not apply where, as here, the employee remains out of work beyond the twelve-week period. *See Neisendorf*, 49 Cal. Rptr. 3d at 221, 143 Cal. App. 4th at 517.

4

Carter also alleged that RBC unlawfully (1) failed to engage in a timely, good faith interactive process with her to identify reasonable accommodations for her disability, in violation of California Government Code § 12940(n), and (2) failed to reasonably accommodate her disability in violation of § 12940(m).

The only "reasonable accommodations" Carter argues RBC failed to identify or provide are (1) employment as a client associate when she sought to return and (2) "[t]ime off work to recuperate from [her] disability [while holding her job open for her]." As to (1), Carter submitted no evidence that she was qualified to be a client associate. RBC, on the other hand, submitted the testimony of Carter's former supervisor that Carter was not qualified for that position. Employment as a client associate was thus not a reasonable accommodation RBC was required to provide.

With respect to the "reasonable accommodation" of "[t]ime off work to recuperate from [her] disability [while holding her job open]," Carter claims that "[i]n general an [employer] is required to protect a disabled employee's job for 12 months (not weeks) when based upon a 'disability'" (citing, *inter alia*, *Jensen v. Wells Fargo Bank*, 102 Cal. Rptr. 2d 55, 68, 85 Cal. App. 4th 245, 263 (Cal. Ct. App. 2000)). Carter cites to no authority that stands for this proposition. To the contrary, *Jensen* makes clear that "the employer can[] prevail on summary

5

judgment on a claim of failure to reasonably accommodate [by not holding a job open for the employee] [if] it establishes through undisputed facts that . . . there simply was no vacant position within the employer's organization for which the disabled employee was qualified . . . ." *Jensen*, 102 Cal. Rptr. 2d at 68, 85 Cal. App. 4th at 263. RBC established just that. Branch Manager Ken Sullivan's undisputed testimony was that he affirmatively inquired into whether there were any positions Carter could fill and determined that there were not. Carter goes on to claim that "RBC admits 12 months disability leave [is] a reasonable accommodation." No evidence in the record supports her claim. Finally, she claims that returning her to work in January 2009 would have imposed no hardship on RBC. To the contrary, RBC showed that adding Carter as a full-time employee to the payroll, to perform services RBC did not need, in the midst of a severe market downturn, would have imposed a hardship on RBC.

B.    Health Insurance and Severance Payment

Carter also raises claims regarding RBC's alleged practices or policies pertaining to insurance and severance payments, but points to no admissible evidence in the record to support them.

C.    Performance Review

6

Carter claims she was subject to an adverse employment action when, during a 2005 performance review, her reviewer stated, "This year has been a difficult year for Lisa healthwise. That is over and time off will be back to normal." This comment was not an adverse employment action; it was merely a statement that Carter had had health problems the prior year. *See Horsford v. Bd. of Trustees of Cal. State Univ.*, 33 Cal. Rptr. 3d 644, 654, 132 Cal. App. 4th 359, 373 (Cal. Ct. App. 2005) (to be adverse, employment action must do more than "displease the employee"; it must "substantial[ly]" and "detrimental[ly]" affect "terms, conditions, or privileges of employment").

## II. Medical Leave Discrimination/Retaliation Claim

Carter's second cause of action alleged that RBC unlawfully terminated her in retaliation for her taking twelve weeks of leave protected under the California Family Rights Act. *See* Cal. Gov't Code § 12945.2(*l*)(1). In order to establish a *prima facie* case of such retaliation, a plaintiff must show that "(1) the defendant was an employer covered by [the California Family Rights Act]; (2) the plaintiff was an employee eligible to take . . . leave [under the Act]; (3) the plaintiff exercised her right to take leave for a qualifying . . . purpose; and (4) the plaintiff suffered an adverse employment action, such as termination, because of her exercise of her right to . . . leave." *Avila*, 82 Cal. Rptr. 3d at 454-55, 165 Cal. App.

7

4th at 1254 (internal quotation marks and indications of alteration omitted).

Summary judgment for RBC on this claim was proper. RBC "prove[d] that there [wa]s an absence of evidence to support [Carter's] case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). There is no evidence in the record that RBC discharged Carter in retaliation for, or because she took, her twelve-week leave.

## III. Wrongful Termination Claim

Carter contends that she was wrongfully terminated in violation of the public policies set forth in California Government Code §§ 12940, 12948, 12926, and 12945.2, and Article I, Section 8 of the California Constitution. This action is duplicative of Carter's first two causes of action, on which summary judgment for RBC was proper. For the same reasons, summary judgment for RBC on this claim was proper as well.

Carter's remaining claim—that the district court should have "stricken" RBC's motion for summary judgment because RBC allegedly did not cooperate in producing deposition witnesses—is meritless.

AFFIRMED.

8